# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9735 | **DATE** | 10/9/2003 |
| **CASE TITLE** | | Cheng vs. Unum Life Insurance Company | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying both parties' motions for summary judgment and denying defendant's motion to strike certain materials as moot. This case is remanded to Unum to determine whether Mr. Cheng is entitled to benefits. The remand shall take the form of a new appeal of Unum's initial denial of benefits, to comply with all plan terms and ERISA regulations. For purposes of timing and other requirements, entry of this opinion and order shall serve as Mr. Cheng's receipt of notification of the initial benefit determination.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | | **Document Number** |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | OCT 1 0 2003 | | |
| | Notified counsel by telephone. | | date docketed | | 52 |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | 10/9/2003 | | |
| | | | date mailed notice | | |
| MPJ | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PIUS KAI WAH CHENG,                    )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )
                                       )    No.  01 C 9735
UNUM LIFE INSURANCE COMPANY OF         )
AMERICA,                               )
                                       )
                    Defendant.         )
                                       )

## MEMORANDUM OPINION AND ORDER

Plaintiff Pius Kai Wah Cheng was a partner with the Hong Kong office of Baker & McKenzie, which provided a long-term disability insurance plan ("Plan") through defendant Unum Life Insurance Company of America ("Unum"). From November 1, 2000 to January 31, 2001, Mr. Cheng took a leave of absence from Baker & McKenzie. During that time, Mr. Cheng submitted a long-term disability claim to Unum indicating that he had become disabled on November 1, 2000 due to Trigeminal Neuralgia ("TN"). On May 10, 2001, Unum denied Mr. Cheng's claim for benefits. Following an appeals process, the details of which are somewhat disputed, Mr. Cheng filed suit in this court for benefits. Before me now are cross-motions for summary judgment. I deny both motions, and remand the matter to the Plan administrator for further proceedings.

I.

As an initial matter, I address Mr. Cheng's request that I reconsider my order of August 2, 2002, in which I held that this

52

case is governed by ERISA. Mr. Cheng argues, as he did before, that as a partner of Baker & McKenzie, he is neither a participant nor a beneficiary under the Plan. Citing two conflicting lines of cases, I found the better reasoned line supported treating law firm partners as beneficiaries under ERISA. Mr. Cheng's citation now to an additional non-binding state case, *Ritter v. Massachusetts Casualty Insurance Co.*, 786 N.E.2d 817 (Mass. 2003), holding that the founder and president of a company is not a plan beneficiary under ERISA does not change my earlier decision that this case is governed by ERISA.

## II.

Under ERISA, *de novo* review of a denial of benefits is the default rule, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 538 (7th Cir. 2000) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Where a plan confers such discretionary authority, a deferential arbitrary and capricious standard of review applies. *Id.* In order for decisions of its administrators to be subject only to this arbitrary and capricious standard, the plan must "make clear" that its administrators retain discretionary authority. *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 331 (7th Cir. 2000). Here, the Plan expressly states that "[w]hen making a benefit determination

under the policy, Unum has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy." (Pl.'s Resp. Def.'s Statement Facts ¶ 4.)[1] This language is sufficient to make clear that entitlement to benefits under the Plan is subject to the discretion of the Plan administrator. *See Herzberger*, 205 F.3d at 331 (suggesting "safe harbor" language for plans that wish to avoid *de novo* review: "Benefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them")[2]; *Gerlib v. R.R. Donnelley & Sons Co.*, No. 95 C 7401, 2001 WL 1313794, at *6 (N.D. Ill. Oct. 26, 2001) (Kennelly, J.) (applying an arbitrary and capricious standard of review to a plan that gave its administrator "the authority to construe and interpret the Plan, decide all questions of eligibility and determine the amount, manner and time of payment of benefits"). Because the Plan here makes clear that its administrators retain discretion to determine eligibility for benefits, decisions of the Plan's administrators will be reviewed under a deferential

---

[1] I cite to Mr. Cheng's response to Unum's statement of facts as opposed to the Plan itself because, as discussed below, the parties have presented me with two different versions of the Plan. Nevertheless, Mr. Cheng does not dispute Unum's assertion that the Plan contains the quoted language.

[2] Use of the suggested safe harbor language is not mandatory in order to receive deferential arbitrary and capricious review. Any language indicating with the requisite clarity that a discretionary determination is envisaged is sufficient. *Herzberger*, 205 F.3d at 331.

3

arbitrary and capricious standard.[3]

### III.

I find that Unum's decision to deny Mr. Cheng benefits was arbitrary and capricious. I do not make this determination on the merits of Mr. Cheng's claim for benefits. Indeed, the parties have made it impossible for me to determine whether Mr. Cheng is entitled to those benefits. In determining whether a party is entitled to benefits under an ERISA plan, I must look to the terms of that plan. *Filipowicz v. Am. Stores Benefit Plans Comm.*, 56 F.3d 807, 812 (7th Cir. 1995). Here, however, the parties cite to two different versions of the Plan documents with two different definitions of disability. (Pl.'s Resp. Def.'s Statement Facts ¶ 5; Def.'s Resp. Pl.'s Statement Facts ¶ 12.)[4] As such, I am unable to determine whether Unum's decision to deny benefits was,

---

[3] Mr. Cheng argues that even if the Plan retains discretion to determine eligibility for benefits, a *de novo* standard of review applies because Unum failed to properly review his appeal. In support, he cites *Jebian v. Hewlett-Packard Co.*, 310 F.3d 1173 (9th Cir. 2002), *Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625 (10th Cir. 2003), and *Seman v. FMC Corp. Retirement Plan for Hourly Employees*, 334 F.3d 728 (8th Cir. 2003). These cases only hold, however, that when an appeal is deemed denied due to the plan's failure to act within a specified time, or when the plan fails to act at all on an appeal, *de novo* review is appropriate. Here, although (as discussed below) Unum failed to respond appropriately to Mr. Cheng's appeal, it is not the case that Unum failed to act within a specified time or failed to act at all.

[4] The versions of the Plan cited to by the parties here are different still from a third version of the policy submitted by Unum with its motion for a remand and stay of proceedings. (Def.'s Mot. Remand and Stay Ex. J.)

on the merits, arbitrary and capricious.

Nonetheless, I find that Unum's decision to deny benefits was arbitrary and capricious because it failed to provide a "full and fair review" of Mr. Cheng's appeal. *See Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 693 (7th Cir. 1992) (citing 29 U.S.C. 1133). There were some serious procedural irregularities in Unum's handling of Mr. Cheng's claim and appeal. First, Unum's initial denial letter failed to set forth "[a] description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material is necessary." 29 C.F.R. § 2560.503-1(g)(1)(iii). *See also Halpin*, 962 F.2d at 691. The letter simply indicated that if Mr. Cheng had "new, additional information to support [his] request for disability benefits," he should send it to Unum. (Def.'s Ex. C at UACL 00129.) Such a "blanket request" for additional information does not satisfy the regulatory requirement. *Halpin*, 962 F.2d at 691. Second, on appeal, Mr. Cheng requested "any and all pertinent documents relevant to this matter so that [he could] respond with issues and comments in writing." (Def.'s Ex. C at UACL 00164.) ERISA regulations require that a claimant be provided, upon request, copies of "all documents, records, and other information relevant to the claimant's claim for benefits," 29 C.F.R. § 2560.503-1(h)(2)(iii), and be given the opportunity "to submit written comments, documents, records, and other information

5

relating to the claim," 29 C.F.R. § 2560.503-1(h)(2)(ii). While Unum apparently complied with Mr. Cheng's request for the relevant documents, it nonetheless denied his appeal shortly thereafter, before receiving any further submissions from Mr. Cheng and despite his indication in his previous letter that "[u]pon receipt of the requested information, [he would] submit a final statement regarding the appeal." (Def.'s Ex. C at UACL 00164, UACL 00175.) Further, although Unum stated that Mr. Cheng had ninety days from the date of the initial denial letter (May 10, 2001) to appeal, (Def.'s Ex. C at UACL 00129), ERISA regulations indicate that a claimant has 180 days to appeal a denial of disability benefits, which begins upon the claimant's receipt of the denial, 29 C.F.R. § 2560.503-1(h)(4).[5] Thus, even if Mr. Cheng received the initial denial letter on May 10, 2001, the day it was written,[6] Unum's August 9, 2001 decision on appeal was premature given the length of time Mr. Cheng had to appeal and his expressed intent to submit a final statement regarding the appeal. Clearly, Mr. Cheng cannot be said to have received a "full and fair review" of his appeal as

---

[5]   29 C.F.R. § 2560.503-1(h)(4) applies to claims for disability benefits specifically. That section indicates that in order for a claimant to have a reasonable opportunity for full and fair review of an adverse benefit determination, the requirements of, among others, § 2560.503-1(h)(3)(i) must be met. That section provides a claimant with 180 days following receipt of a notification of an adverse benefit determination within which to appeal the determination.

[6]   Mr. Cheng indicates that he did not receive the letter until June 5, 2001. (Def.'s Ex. C at UACL 00164.)

required by ERISA and its accompanying regulations. Consequently, Unum's decision to deny benefits was arbitrary and capricious.

## IV.

Having determined that Unum's decision to deny benefits was arbitrary and capricious, the only remaining issue is remedy. Remand to the administrator is generally the appropriate step, unless the case is "so clear cut that it would be unreasonable for the plan to deny the application for benefits on any ground." *Hess v. Hartford Life & Accidental Ins. Co.*, 274 F.3d 456, 463-64 (7th Cir. 2001). As noted above, the parties dispute the proper definition of disability under the Plan, and consequently, it is not clear cut one way or the other whether Mr. Cheng is entitled to benefits. Consequently, this case will be remanded to Unum to determine whether Mr. Cheng is entitled to benefits. The remand shall take the form of a new appeal of Unum's initial denial of benefits, to comply with all Plan terms and ERISA regulations. For purposes of timing and other requirements, entry of this opinion and order shall serve as Mr. Cheng's receipt of notification of the initial adverse benefit determination.

## V.

Plaintiff's motion for summary judgment is DENIED; defendant's motion for summary judgment is DENIED. This matter is remanded to the Plan administrator for further proceedings. Additionally, I

7

note that Unum filed a motion to strike certain material submitted by Mr. Cheng and to deem certain facts as admitted. That motion is DENIED as moot.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated:    October  9 , 2003